■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY J. GRANDEAU, Appellant. — Appeal by defendant, as limited by his motion, from two sentences of the Supreme Court, Dutchess County (Ingrassia, J.), both imposed April 8, 1983. Sentences affirmed. No opinion. This case is remitted to the Supreme Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (subd 5). Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HALL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered July 8, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant acknowledges that attacks on the composition of jury pools in Kings County on the ground that certain ethnic and racial groups were systematically excluded therefrom have been rejected by this court in *People v Guzman* (89 AD2d 14) and *People v Wells* (89 AD2d 1020) and that those decisions, which have been affirmed by the Court of Appeals (*People v Guzman,* 60 NY2d 403), are dispositive of his similar attack on the composition of these pools. However, defendant claims it was error to deny that branch of his *Sandoval* motion which sought to preclude the use of his history of heroin addiction as cross-examination material (see *People v Sandoval,* 34 NY2d 371). It is true that where, as here, the charges pertain to drug-related offenses, there is a particular danger that evidence relating to prior drug-related activity will be taken by the jury as evidence that the defendant is guilty of the charges for which he is standing trial because of the widespread belief that drug users are habitual offenders (see *People v Carmack,* 44 NY2d 706, affg 52 AD2d 264). Nevertheless, trial courts have broad discretion in deciding whether a prosecutor should be precluded from impeaching a defendant's credibility by reference to prior immoral, vicious or criminal acts (see *People v Bennette,* 56 NY2d 142, 146-147), and the mere fact that the acts used as cross-examination material are similar in nature to the conduct alleged at trial does not, in and of itself, mandate preclusion (see *People v Pavao,* 59 NY2d 282). In the instant case, the trial court did not abuse its discretion in denying this branch of defendant's *Sandoval* motion because the defense was built around defendant's heroin addiction. During his direct testimony, defendant placed himself at the scene of the sale, which was made to an undercover detective, by stating that he went there to buy heroin for himself. He claimed that the undercover's backup team arrested him instead of the real seller, and, upon discovering that he was not the vendor, tried to take advantage of his heroin withdrawal sickness by implicity promising an injection of heroin if he agreed to become a confidential informant. He alleged that when he refused, the police framed him. The eliciting of evidence of his heroin addiction was clearly part and parcel of his defense and not a strategic response to the trial court's *Sandoval* ruling. In view of this fact, any abuse of the trial court's discretion must be deemed harmless. We have examined defendant's various contentions with regard to the trial court's charge and find them to be either unpreserved for our review (CPL 470.05) or lacking in merit (see, generally, *People v Culhane,* 45 NY2d 757; *People v Little,* 98 AD2d 752). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.