■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LITTLE LUKE ROBERTS, Also Known as LUKE ARRINGTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 17, 1983, upon a verdict convicting defendant of the crime of rape in the first degree. ¶ At approximately 3:00 P.M. on December 10, 1982, defendant, a 25-year-old male, convinced the 59-year-old mother of his former girlfriend to allow him to enter her apartment. Once inside, he demanded to know whether he was the father of her granddaughter. Upon the grandmother's refusal to disclose any information, a struggle ensued during which defendant forced the women to engage in sexual intercourse. Defendant remained in the apartment a total of approximately 40 minutes. Following his departure, the police were given the name of defendant as the rapist. Defendant was arrested and later identified by the victim at a showup conducted at the police station. ¶ *Wade* and *Sandoval* hearings were provided to defendant prior to trial. The trial court held that although no mention of a showup could be made by the prosecution during the trial because of its failure to place defense counsel on notice that such a showup had occurred, an in-court identification of defendant by the victim was proper because the victim had been well acquainted with defendant prior to the incident and was able to observe him on the day she was attacked. As to the *Sandoval* motion, the trial court allowed a 1978 conviction for public lewdness to be used to attack defendant's credibility in the event he decided to testify at trial. It directed a *Sandoval* compromise on a 1979 out-of-State conviction for aggravated burglary, but disallowed disclosure of three sex-related incidents involving defendant in 1981 and 1982. No argument was made by defense counsel setting forth any reason why evidence of the 1978 conviction should not be permitted. ¶ Following a jury trial, defendant was convicted of the crime of rape in the first degree and sentenced as a predicate felon to a term of imprisonment having a minimum of 12½ years and a maximum of 25 years. Defendant appeals. ¶ Initially, defendant challenges the trial court's *Wade* determination. An in-court identification of a defendant is permitted where a witness has an independent basis for identification (*People v Brown*, 34 NY2d 879; *People v Coleman*, 98 AD2d 942). The record clearly establishes that the victim was well acquainted with defendant prior to the incident and had ample opportunity to identify him during the stay at her apartment. ¶ Defendant also challenges that portion of the trial court's *Sandoval* ruling which permitted an inquiry into the 1978 conviction for public lewdness. We find no error in the court's ruling that the conviction showed defendant's propensity to place his personal interests above those of society

and that the probative value outweighed the prejudicial effect of the conviction's introduction into evidence (see *People v Bennette,* 56 NY2d 142; *People v Dodt,* 92 AD2d 1063, 1066, revd on other grounds 61 NY2d 408). The trial court's ruling was buttressed by the fact that defense counsel raised no argument indicating any prejudice. ¶ As a third challenge to his conviction, defendant alleges that during the prosecution's summation, the prosecutor made two remarks which were reversible error. The first remark, in reference to the witness Odis Byrd, was: "We know that after numerous attempts at contacting him, he finally provided critical information to this case." The trial court sustained defense counsel's objection to this statement. Defendant argues that this statement improperly misled the jury to believe that defendant exerted pressure upon Byrd not to testify. We believe that any such inference was cured by the court's immediate sustaining of the objection. The trial court's admonition that the prosecutor refrain from characterizing the testimony concerning the witness's availability was corrective, yet not so detailed as to cause the jury to seek an unsubstantiated inference (cf. *People v Arce,* 42 NY2d 179, 187; *People v Ashwal,* 39 NY2d 105, 111). ¶ The allegedly improper second remark was made at the end of the prosecutor's summation. Following a recount of the testimony given by the various witnesses, the prosecution closed by stating: "Beyond that, there is no testimony, there is only speculation, and I ask for a verdict in this case based on the proof and the only verdict consistent with the evidence is that this Defendant is guilty of raping [the victim]. Thank you." No objection was made by defense counsel to this statement. Defendant now argues that this was an improper reference to his failure to take the stand. We disagree. The simple meaning of his remarks was that the jury should only consider the evidence in making its determination, an admonition which cannot be challenged. ¶ As a final argument, defendant claims that the sentence imposed was unduly harsh and excessive. In light of the violent nature of the particular crime and defendant's past history of criminal activities, we cannot say that the trial court abused its discretion in sentencing defendant. ¶ Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in the following memorandum.
Mahoney, P. J. (dissenting). I do not agree with the majority that the trial court properly ruled that the People could cross-examine defendant with respect to a conviction for public lewdness. Initially, I see no failure by defendant to raise this matter before the trial court. *Sandoval* hearings are informally conducted because a defendant's criminal record is known by the defense and the People, and the attorneys and the trial court are well aware of the factors to be weighed in making the *Sandoval* determination. ¶ More importantly, a *Sandoval* determination involves a balancing of the probative value of introducing the prior crime to impeach a defendant's credibility against the prejudicial effect of introducing the prior crime (*People v Bennette,* 56 NY2d 142, 147; *People v Sandoval,* 34 NY2d 371). This balancing is particularly sensitive when the prior crime is identical or similar to the offense charged, since the jury may improperly consider it as evidence of a defendant's predisposition to commit the crime charged (*People v Bennette, supra; People v Carmack,* 44 NY2d 706; *People v Caviness,* 38 NY2d 227, 233). In the instant case, the prior crime of public lewdness is similar enough to the offense charged that the prejudicial effect of introducing the prior crime is obvious. Concerning the probative value, since the prior crime does not involve any element of dishonesty, the only relevance of such crime to defendant's veracity is that it indicates a willingness or disposition by defendant to voluntarily place advancement of his individual self-interest ahead of the interest of society (see *People v Bennette, supra,* p 148; *People v Sandoval, supra,* p 377). Unlike the

situation in *Bennette,* where the prior crime was extremely serious, i.e., the defendant had sodomized an eight-year-old girl, here the crime of public lewdness is a misdemeanor (Penal Law, § 245.00). Further, since the trial court allowed a prior conviction for aggravated burglary, thus establishing defendant's inclination to place his interests above those of society, introduction of the public lewdness conviction would merely be cumulative on this point. Thus, the *Sandoval* ruling was error and, since defendant chose not to testify in his behalf, it cannot be said to be harmless. The proof of guilt is not so overwhelming that the error "paled into harmlessness" (*People v Shields,* 46 NY2d 764, 765), and it would be improper to speculate whether considerations other than the *Sandoval* ruling motivated defendant's decision not to take the stand (*id.*). Therefore, the judgment of conviction should be reversed and a new trial ordered.