■ The People of the State of New York, Respondent, v Earl E. Harrington, Appellant. — Levine, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 29, 1983, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sexual abuse in the first degree.

The conviction in this case arose out of a series of events occurring during the early morning hours of April 10, 1983. The prosecution elicited testimony from the victim that, en route to her home after visiting friends, she stopped at a diner in the City of Glens Falls at about 2:00 A.M. to take food out. As she

returned to her car, defendant also exited the diner and asked her for a ride. The victim agreed to give him a ride and they drove off, defendant directing her where to go. They proceeded to a remote wooded area where defendant told her to stop the car. Defendant thereupon grabbed and threatened to kill her, then dragged her from the car and struck her repeatedly about the head, causing multiple serious injuries to her face, nose and skull. They returned to the car and defendant drove to another secluded area near the Northway, stopped, pulled her out of the car and down a muddy embankment to an open field, where he raped and sodomized her orally and anally. Defendant then drove to the house where he was living, got out, and permitted the victim to drive away. She promptly drove to a friend's home and reported the incident. Additionally, the prosecution provided evidence that the soil on the victim's clothing matched that of the field where the acts were alleged to have occurred and also provided medical testimony concerning the seriousness of the victim's injuries.

The foregoing amply supported the jury's verdict as to each and every element of the crimes of sodomy in the first degree and sexual abuse in the first degree. While defendant claimed that all the charged sexual acts were engaged in voluntarily by the victim and partly explained her facial bruises as a result of her having accidentally struck her head on the dashboard of the car, this only served to create an issue of credibility within the exclusive province of the jury to resolve (*People v Banks,* 77 AD2d 742, 743).

Defendant urges two legal grounds for reversal. The first of these attacks the reception in evidence of a color photograph of the victim's face, taken shortly after the sexual assault was reported. He contends that the photograph was inflammatory and was offered solely to prejudice the jury. New York follows the general rule that accurate photographs of the victim are admissible, despite their potentially inflammatory effect, if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered (*People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *see also, People v Bell,* 63 NY2d 796). Here, the photographic depiction of the multiple nature and gravity of the victim's injuries were clearly relevant in at least two respects, namely, (1) to prove that she was subject to "forcible compulsion", statutorily defined at the time of the commission of the crimes to include the use of force "which places a person in fear of immediate death or serious physical injury" (Penal Law § 130.00 [8] [b]; L 1982, ch 560, § 1), and (2) to disprove the defense's theory that

the victim's injuries mainly stemmed from accidentally striking her head once on the dashboard. Consequently, no error was committed by the introduction of the photograph in evidence.

The remaining point of law raised by defendant is addressed to the trial court's refusal to charge sexual abuse in the third degree, coercion in the second degree and sexual misconduct. Irrespective of whether these crimes constituted lesser included offenses to the first degree rape and first degree sodomy crimes for which defendant was indicted, the trial court could not properly charge them as such unless there was a reasonable view of the evidence to support a jury finding of guilt of any of the lesser offenses but not the greater (CPL 300.50 [1]). Each of the sex offenses for which charges were requested is nonconsensual, but lacks the element of forcible compulsion required for conviction of first degree rape and first degree sodomy. Similarly, coercion in the second degree under Penal Law § 135.60 (1) is established by proof of a threat to cause mere physical injury, not death or serious physical injury.

As previously outlined, the prosecution's evidence established the forcible compulsion element of the crimes charged through evidence of defendant's threat to kill the victim and then his brutally beating her about the head. Defendant denied using any threats or force whatsoever to overcome the victim's resistance, contending instead that the victim voluntarily engaged in sexual acts with him and was only injured after those acts were completed. Thus, the jury was presented with two and only two alternative factual scenarios, i.e., that the sexual acts were committed by means of forcible compulsion or that they were entirely consensual. Since there was no evidence in the record that the victim's will was overcome by threats or force, but not by forcible compulsion, the trial court correctly refused the request to charge (*People v Scarborough,* 49 NY2d 364, 369-370; *People v Greer,* 42 NY2d 170, 174-175; *People v Randall,* 86 AD2d 918, 919).

Finally, defendant contends that the sentence he received, i.e., 8⅓ to 25 years in prison on the sodomy conviction and a concurrent sentence of 2⅓ to 7 years in prison on the sexual abuse conviction, was excessive.

In view of the heinous nature and manner in which the crimes were committed, and the further fact that defendant was on bail for a prior rape charge at that time, we reject this contention and choose not to disturb the sentence imposed by the trial court.

Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.