■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ALBURQUERQUE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 4, 1983, convicting him of burglary in the first degree, criminal possession of a weapon in the fourth degree, resisting arrest and menacing, upon a jury verdict, and sentencing him, as a second felony offender, to a term of imprisonment of from 7 1/2 to 15 years on the burglary count and unconditional discharges on the other counts.

Judgment affirmed.

On May 14, 1983, defendant unlawfully entered the complainant's residence and, when discovered therein, pointed a

12-inch screwdriver at the complainant, instructed him to stay away, and fled the scene. The complainant however, pursued the defendant and apprehended him.

The main issue at trial concerned defendant's intent on unlawfully entering the premises. Defendant testified and stated that his friend's automobile had broken down and that he entered the complainant's house in order to obtain assistance.

In light of its verdict, it is clear that the jury did not credit defendant's testimony. In viewing the evidence in the record in the light most favorable to the People, as we must, we conclude that a rational trier of fact could have found, as the jury did at bar, that the prosecution proved beyond a reasonable doubt that defendant was guilty of burglary in the first degree. Questions of reasonable doubt, credibility and the weight of the evidence must be left to the jury. Based upon the quantity and quality of the evidence in the present record, we find no basis to disturb the jury's verdict (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620, 621; *People v Bigelow,* 106 AD2d 448; *People v Herbert,* 100 AD2d 883).

With respect to the trial court's *Sandoval* ruling, the defense raised no objection to the court's determination that the prosecution could question the defendant concerning a prior conviction for criminal possession of stolen property in the third degree, and a conviction for petit larceny without questioning defendant about the underlying circumstances of that arrest. As we previously stated, "trial courts have broad discretion in deciding whether prosecutor should be precluded from impeaching a defendant's credibility by reference to prior immoral, vicious or criminal acts (see *People v Bennette,* 56 NY2d 142, 146-147), and the mere fact that the acts used as cross-examination material are similar in nature to the conduct alleged at trial does not, in and of itself, mandate preclusion (see *People v Pavao,* 59 NY2d 282)" (*People v Hall,* 99 AD2d 843).

We have considered all of the remaining contentions raised by defendant's attorney herein, and by defendant *pro se* in his supplemental brief, and find them all to be without merit. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.