— Appeal by defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 3, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and *741 imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant’s motion to suppress physical evidence.
Judgment affirmed.
On December 29, 1981, at about 8:45 p.m., defendant and five other individuals were drinking beer in the lobby of a building in the Brooklyn Gowanus housing project. The group was also making loud noise and blocking the entry to the building. After New York City Housing Police observed the group for several minutes, they entered the lobby, identified themselves, and directed the members of the group to get against the wall. Defendant moved toward the stairs with his hand in his pocket, then stopped, spun toward the officers and went into a crouching position. An officer grabbed the defendant, searched him and found a loaded weapon in his pocket. During a hearing on defendant’s motion to suppress certain evidence, one of the officers who responded to the scene testified that upon entering the lobby it was the officers’ intention to place all six individuals under arrest for disorderly conduct.
On this appeal, defendant contends that the police did not have probable cause to arrest him for disorderly conduct, and therefore his initial seizure when the police first approached the group and subsequent search were unlawful. He claims that under the circumstances the police had only a reasonable suspicion to believe that the group was committing a violation and had no right to do anything more than speak to the group and ask them to disperse.
We disagree with defendant’s contentions. Based upon a review of the record, we find that the group’s behavior in the lobby provided sufficient reason for the officers to effect their arrest for disorderly conduct (see, CPL 140.10; Penal Law § 240.20; People v Bakolas, 59 NY2d 51).
Defendant’s subsequent behavior then provided the officers with reason to believe that he might be armed, justifying the physical seizure of his person and a search for a weapon (see, People v Benjamin, 51 NY2d 267, 270-271; People v Stewart, 41 NY2d 65, 66; People v De Santis, 46 NY2d 82, 87, cert denied 443 US 912). Under the circumstances, we conclude that the hearing court properly found that defendant’s arrest was lawful and that his motion to suppress should be denied.
We find no basis to disturb the trial court’s Sandoval ruling. The court exercised discretion by allowing cross-examination as to some acts while excluding others. As we previously *742 stated, "trial courts have broad discretion in deciding whether a prosecutor should be precluded from impeaching a defendant’s credibility by reference to prior immoral, vicious or criminal acts (see People v Bennette, 56 NY2d 142, 146-147), and the mere fact that the acts used as cross-examination material are similar in nature to the conduct alleged at trial does not, in and of itself, mandate preclusion (see People v Pavao, 59 NY2d 282)” (People v Hall, 99 AD2d 843). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.