■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McNEILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 19, 1984, convicting him of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Vinik, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly determined that the identifications made by the complaining witnesses were merely confirmatory in nature, since both men knew the defendant prior to the commission of the instant crimes (see, People v Johnson, 124 AD2d 748; People v Fleming, 109 AD2d 848; see also, People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543; People v Hooper, 112 AD2d 317; People v Vargas, 118 Misc 2d 477, 481). Notably, the complainant Bikramdit Appana testified that he had observed the defendant in the neighborhood on approximately 40 different occasions, while the complainant Jagat

Appana testified that he had known the defendant for two years and had seen him regularly on the street. In light of the foregoing, the issue of suggestiveness is not relevant *(see, People v Fleming, supra,* at 849). Further, we find no error in the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), permitting the prosecutor to ask the defendant whether he had ever been convicted of assault. It is well settled that the extent of cross-examination bearing on the credibility of a witness "is discretionary with the trial court and its rulings are not subject to review, unless it clearly appears that the discretion has been abused" *(People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861; *see also, People v Bennette,* 56 NY2d 142, 146-147). There is nothing in the record which indicates that the court did not in fact balance the probative worth of the impeaching material on the issue of the defendant's credibility against the risk that it might be taken as an indication of a propensity to commit the crimes charged, or that its admission might unfairly deter him from testifying at the trial *(see, People v Rahman,* 46 NY2d 882, 883). Moreover, the "mere fact that the acts used as cross-examination material are similar in nature to the conduct alleged at trial does not, in and of itself, mandate preclusion" *(People v Hall,* 99 AD2d 843; *see also, People v Rahman, supra).*

Reviewing the record in the light most favorable to the People, and bearing in mind that the issues of credibility, reliability and the weight to be given to the evidence are primarily for the jury, the evidence is sufficient to support the verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620; *People v Gruttola,* 43 NY2d 116). We note that it is within the province of the jury to resolve questions of credibility involving the accuracy of an eyewitness identification *(see, People v Batts,* 111 AD2d 761, 762; *People v Herriot,* 110 AD2d 851).

Finally, we decline to disturb the sentence imposed upon the defendant which, under the circumstances, was neither unduly harsh nor excessive. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.