■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. BUTLER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 17, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree (three counts), and assault in the second degree.

After a jury trial, defendant was convicted on charges of rape in the first degree, sodomy in the first degree (three counts), and assault in the second degree. The victim testified

that in October 1983 she rented one bedroom in her apartment to defendant solely for financial reasons. At approximately 1:00 A.M. on February 8, 1984, she was awakened by defendant who requested to speak with her. When she unlocked her bedroom door, defendant struck her in the head with a hammer, and then forcibly raped and repeatedly sodomized her. After defendant fell asleep, the victim escaped and sought assistance from her upstairs neighbors. The police arrived at approximately 3:45 A.M. to find the victim visibly upset, bleeding from head wounds and complaining of pain in her right arm and hand. The police discovered defendant in the victim's bedroom asleep on the floor next to a pool of blood. A hammer, the victim's blood-soaked pajama bottoms and a pair of women's underwear were nearby. There were bloodstains throughout the bedroom and the bathroom. The victim was taken to the emergency room where a visual examination revealed several head lacerations, a dislocated little finger, facial swelling and marks extending around her neck. A pelvic examination disclosed no external trauma, but internally revealed acute tenderness in the vulva area and cervix. A forensic scientist discerned no evidence of seminal fluid on the vaginal smear slides, but found sperm on the victim's underpants, which were provided to her by one of the neighbors. Another neighbor testified that she was awakened by screams and crashing in the victim's apartment. She recognized the victim's voice as whimpering and pleading, and defendant's as "forcible, gruff and maybe even angry". This witness testified that the victim was bleeding from the head and hand and was extremely upset, a physical and emotional assessment reiterated by the emergency room nurses.

On this appeal, defendant maintains that (1) the evidence was insufficient to support the verdict; (2) he was deprived of a fair trial by the prosecutor's comments during summation and County Court's erroneous charge to the jury; and (3) the sentence was unduly harsh and excessive. The contentions are without merit.

Initially, we observe that defendant has mistakenly characterized this as a case entirely circumstantial in nature, for the victim's testimony constitutes direct evidence of defendant's guilt *(see, People v Burke,* 96 AD2d 971, 972, *affd* 62 NY2d 860). Viewed in a light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203), the record provides overwhelming evidence to support the jury's verdict *(see, People v Gebert,* 118 AD2d 799; *People v Zehner,* 112 AD2d 465; *People v Harrington,* 108 AD2d 1062; *People v Irving,* 107 AD2d 944).

Defendant's suggestion that the victim's own testimony raised a question as to whether she had more than just a casual relationship with defendant simply presented a credibility matter for the jury (see, People v Troy, 119 AD2d 880, 882; People v Gebert, supra, at 801; People v Harrington, supra, at 1063; People v Irving, supra, at 944), whose verdict we find supported by the weight of the evidence. The negative findings relative to the presence of seminal fluid do not preclude a finding of guilt (see, People v Kinnard, 98 AD2d 845, 847, affd 62 NY2d 910; see also, People v Gebert, supra, at 802). Moreover, the prosecution established a proper chain of custody for the underpants which tested positive for sperm; whether this item was contaminated when the victim received it from her neighbor simply raised a question of fact for the jury.

Defendant's remaining contentions are similarly unavailing. Although the prosecutor made certain improper comments purporting to shift the burden of proof to defendant, viewed in context of the record as a whole and the overwhelming proof of guilt, the error was clearly not so egregious as to have deprived defendant of a fair trial (see, People v Roberts, 103 AD2d 975, 976; People v Patterson, 88 AD2d 694, affd 59 NY2d 794; cf., People v Brewer, 94 AD2d 812, 813-814). We note that defendant's objection to one comment was immediately sustained by County Court, thereby minimizing any prejudice (see, People v Roberts, supra). Since defendant did not object to the court's failure to marshal the evidence at trial or timely object to the court's charge regarding circumstantial evidence, neither issue has been preserved for review by this court (see, CPL 470.05 [2]; People v McMullen, 92 AD2d 1059, 1060; People v Allweiss, 61 AD2d 74, 79, affd 48 NY2d 40). Nor do we perceive any basis to review these objections in the interest of justice (CPL 470.15 [6]). The jury was clearly advised that the prosecution bore the burden of proving guilt beyond a reasonable doubt, the standard applicable to both direct and circumstantial evidence (see, People v Barnes, 50 NY2d 375, 379-381). Finally, in view of defendant's outrageous conduct, the imposition of concurrent prison terms of 12½ to 25 years on the rape and sodomy convictions, and 3½ to 7 years for the assault conviction was clearly within County Court's discretion.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.