■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLGA MARIE HOLGUIN, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.

Contrary to the defendant's contentions, the hearing court properly denied suppression of Janet Scott's identification of the defendant at the police station, since she knew the defendant prior to the commission of the crime and, therefore, the identification was confirmatory in nature (see, People v Perkins, 130 AD2d 521, lv denied 70 NY2d 716; People v McNeill, 129 AD2d 818, lv denied 70 NY2d 705). In any event, the hearing court also correctly concluded that Scott had an adequate independent basis for making an in-court identification.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.