■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WOODS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 9, 1986, convicting him of rape in the first degree, sodomy in the first degree, and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court ruled that if the defendant were to testify on his own behalf, the prosecutor would be permitted to ask him whether he previously had been convicted of two felonies. However, the court precluded the prosecutor from cross-examining the defendant as to what those felonies were and the facts underlying the two previous convictions. Furthermore, the court ruled that the defendant's attorney would be permitted to elicit testimony to the effect that those prior offenses were not similar to the crimes for which the defendant was on trial. Under these circumstances, we find that the court properly exercised its discretion in weighing the probative value of this evidence of the defendant's prior bad acts, as it relates to his credibility, against the potential prejudicial

effect of that evidence *(see generally, People v Sandoval,* 34 NY2d 371; *People v Bennette,* 56 NY2d 142).

The defendant was sentenced to two concurrent terms of 8½ to 17 years' imprisonment based upon his convictions of rape in the first degree and sodomy in the first degree, to run consecutively to a term of 8½ to 17 years' imprisonment for attempted murder in the second degree. The imposition of consecutive sentences in this case was not illegal *(see,* Penal Law § 70.25 [2]; *People v Truesdell,* 70 NY2d 809; *People v Brathwaite,* 63 NY2d 839, 843). Furthermore, we find that the sentence imposed was not unduly harsh or excessive in light of the brutal nature of the defendant's crime. Mangano, J. P., Thompson, Bracken and Kunzeman, JJ., concur.