THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant.—

The defendant argues that the hearing court improperly refused to suppress, *inter alia,* physical evidence which resulted from the defendant being asked by a detective to lift his shirt and drop his pants while at the police station. We disagree. Although the defendant had not yet been read his *Miranda* rights at the time of the detective's request, there is nothing in the record to suggest that a reasonable man innocent of any crime and in the defendant's position would have considered himself to be in custody at that time *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The

defendant had volunteered to accompany the police to the precinct. Once there, the defendant was not subjected to or threatened with a show of force or restrained in any way.

Further, in allowing the prosecutor to cross-examine the defendant about certain prior bad acts, the trial court was exercising its broad discretion in this area *(see, People v Bennette,* 56 NY2d 142, 146-147).

The other contentions raised by the defendant are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.