■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WILLIAMSON, Appellant.—Judgment, Supreme Court,

Bronx County (Nicholas Figueroa, J.), rendered February 25, 1988, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of 11 to 22 years, unanimously affirmed.

After the complainant was robbed at knifepoint, she identified defendant's photograph from an array. Although the People initially provided defendant with notice of their intention to offer evidence of this identification against him, pursuant to CPL 710.30, and consented to a *Wade* hearing, they thereafter claimed that a hearing was unnecessary because of the complainant's prior familiarity with defendant. A hearing was then conducted to determine whether the identification was merely confirmatory in nature.

The complainant testified that prior to the incident, she had seen defendant more than 10 times in the bodega where she worked and more than 20 times around the neighborhood where she lived. It was also established that defendant lived approximately two blocks away from the complainant's residence and place of employment. The court concluded that in light of the complainant's prior familiarity with defendant, her identification of him from the photo array was confirmatory in nature and granted the People's motion to withdraw the identification notice.

Defendant contends that the People failed to establish that the identification was confirmatory and that the court improperly curtailed defense counsel's cross-examination of the complainant by precluding questioning as to the time period within which the complainant purportedly observed defendant, the locations where she made her observations of him, whether she had ever spoken to him on these occasions and whether she knew defendant's name prior to the incident. Since the purpose of the hearing was to determine whether the complainant knew defendant previously, we find that it was error to restrict defense counsel's cross-examination, thereby limiting his ability to test the complainant's credibility and the extent of her prior familiarity with defendant. Nevertheless, we conclude that the complainant's testimony as to having seen defendant on more than 30 occasions prior to the robbery was sufficient to establish that her photographic identification of him was confirmatory in nature *(People v McNeill,* 129 AD2d 818, *lv denied* 70 NY2d 705).

Defendant further contends that the court's charge deprived him of a fair trial. Specifically, he claims that the court

erroneously charged the jury on the presumption of innocence and that its supplemental charge was insufficient to correct this error. The court initially charged the jury that "[y]ou may start out by saying he is innocent" but then recharged that "the better phraseology would be that you must start out by saying he is innocent." Defendant also challenges, for the first time on appeal, the court's instruction that the presumption exists "until [defendant's] guilt is proved beyond a reasonable doubt."

We agree with defendant that the court's initial instruction on the presumption of innocence was erroneous *(see, People v Alvarez,* 96 AD2d 864). Nevertheless, despite the inartful method of correcting its error, the court did adequately convey to the jury that it must presume defendant innocent and that this presumption can only be extinguished by proof of guilt beyond a reasonable doubt. We further note that the proof of guilt was overwhelming. Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.