■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JORDAN, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleinman, J.), rendered February 26, 1988, convicting defendant, after jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to two to four years imprisonment, and order of the same court (Alfred Kleinman, J.) entered April 24, 1990, denying defendant's motion to vacate his conviction, unanimously affirmed.

Defendant's conviction arises out of his arrest for the robbery of Lily Jung's purse on a Manhattan subway train during the evening rush hour of January 23, 1987.

We reject defendant's claim of ineffective assistance of counsel. The record indicates that trial counsel made appropriate pre-trial and trial motions, conducted extensive cross-examination of the People's witnesses, vigorously pursued a

misidentification defense, and understandably did not request an alibi charge on the basis of defendant's brief and contradictory testimony, elicited only upon cross-examination, that he was, and was not, in New York City on the date in question. Defense counsel's partially successful trial strategy, which resulted in defendant's acquittal on the charge of robbery in the third degree, but conviction on the lesser charge of grand larceny in the fourth degree, is not an indication of ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137).

As the prosecutor's summation constituted fair comment on the evidence (People v Fielding, 158 NY 542), and appropriate response to the defense summation (see, e.g., People v Marks, 6 NY2d 67, cert denied 362 US 912), there is no ground for defendant's claim that his counsel erred by not objecting to the prosecutor's summation comments.

Finally, the record does not support defendant's claim that the prosecutor violated the trial court's Sandoval ruling, and there is no evidence that the trial court abused its discretion either in making its ruling, or in defining the scope of cross-examination regarding defendant's prior convictions (see, e.g., People v Bennette, 56 NY2d 142). Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.