■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE CULP, Appellant. [621 NYS2d 334] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered April 30, 1991, convicting defendant, after jury trial, of one count of robbery in the second degree and three counts of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 7½ to 15 years on the robbery count to be served consecutively to three concurrent terms 2½ to 5 years on each of the assault counts, unanimously affirmed.

The trial court properly denied defendant's motion for dismissal of the indictment on the grounds that defendant neither filed a timely Grand Jury cross-notice in this case, nor filed a motion within the required five-day period following arraignment on the indictment for dismissal on the basis that he was not afforded an opportunity to testify before the Grand Jury (CPL 190.50 [5] [a], [c]).

The hearing court's determination that defendant's state-

ments were given freely and voluntarily, after receipt, acknowledgment and waiver of the *Miranda* rights has support in the record, and will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

The trial court appropriately exercised its discretion in permitting limited cross-examination of defendant regarding four prior convictions involving theft, one of three prior convictions involving assault on a police officer, and defendant's liberal use of aliases and false pedigree information, on the ground that the probative value of such evidence for impeachment purposes far outweighed possible prejudice to defendant from introduction thereof *(see, People v Bennette,* 56 NY2d 142).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Defendant's actions, in concert with the codefendant, in smashing a glass jewelry case to obtain a tray of jewelry, struggling with a proprietor of the jewelry store when she attempted to retrieve the jewelry, and using force against a uniformed peace officer who attempted to prevent defendant's escape with some of the jewelry, constituted overwhelming evidence of defendant's guilt of robbery in the second degree (Penal Law § 160.10 [1]; *see, People v Hedgeman,* 70 NY2d 533, 541). Minor inconsistencies in the testimony of the People's witnesses regarding the actions of defendant and the codefendant before and after the robbery are easily attributable to different vantage points of the witnesses, and the verdict is not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

We have considered defendant's additional claims of error and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.