THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTHONY COQUERAN, Appellant. [830 NYS2d 123]—

Judgment, Supreme Court, New York County (Edward J. Mc-
Laughlin, J.), rendered April 18, 2005, convicting defendant, af-
ter a jury trial, of criminal sale of a controlled substance in the
third degree, and sentencing him, as a second felony offender, to
a term of 4½ to 9 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is
unpreserved (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v
Padro*, 75 NY2d 820 [1990]), and we decline to review it in the
interest of justice. Were we to review this claim, we would find
that the verdict was based on legally sufficient evidence. We fur-
ther find that the verdict was not against the weight of the evi-
dence. There is no basis for disturbing the jury's determinations
concerning identification and credibility (*see People v Bleakley*,
69 NY2d 490, 495 [1987]).

The court's *Sandoval* ruling balanced the appropriate factors
and was a proper exercise of discretion (*see People v Hayes*, 97
NY2d 203 [2002]; *People v Bennette*, 56 NY2d 142, 147 [1982]).
The ruling was highly favorable to defendant, in that it
precluded inquiry as to significant aspects of his extensive crim-
inal record. To the extent that defendant is claiming that the
procedure by which the court arrived at its ruling was defective,
that claim is unpreserved and we decline to review it in the
interest of justice. Were we to review this claim, we would find
it to be without merit.

The court properly received testimony from a grand jury ste-
nographer to explain a transcription error. The stenographer
was essentially interpreting her own stenographic notes, and to
the extent the stenographer could be viewed as having provided
expert testimony, that testimony was admissible (*see generally
People v Lee*, 96 NY2d 157, 162 [2001]). The stenographer was
sufficiently familiar with the computerized transcription pro-
cess at issue, which was a matter outside the knowledge of the
jury.

Since defendant received the minimum sentence permitted by
law, this Court has no authority to reduce it as a matter of
discretion in the interest of justice (CPL 470.20 [6]). Concur—
Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.