■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUNDY DAYE, Also Known as DAYE LUNDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered February 4, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant inserted his arm through the complainant's back door after breaking the glass and bending the screen. When the complainant screamed, the defendant fled. The defendant's actions clearly satisfied the entry requirement of

the Penal Law definition of burglary in the second degree (Penal Law § 140.25 [2]; *People v King,* 61 NY2d 550).

Nor is there merit to the defendant's contention that the prosecution failed to establish that he intended to commit a crime inside the complainant's home. The intent necessary for burglary can be inferred from the circumstances of the entry itself *(People v Mackey,* 49 NY2d 274; *People v Gilligan,* 42 NY2d 969; *People v Henderson,* 41 NY2d 233). It is well settled that " 'in deciding whether the People met their burden, we are required to say whether, considering the facts proved and the inferences that could reasonably be drawn therefrom, [the fact finder] could conclude that there was no reasonable doubt that the defendant' intended to commit [a] crime" *(People v Barnes,* 50 NY2d 375, 381, quoting from *People v Castillo,* 47 NY2d 270, 277; *People v Bracey,* 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010). Under the circumstances, the jury properly inferred that the defendant intended to commit a crime while inside the complainant's home *(see, e.g., People v Barnes, supra; People v Mackey, supra; People v Haile,* 128 AD2d 891; *People v Cullum,* 123 AD2d 397).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.