■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DEMAIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered October 20, 1986, convicting him of robbery in the second degree, attempted robbery in the second degree (three counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the court's conclusion that the witnesses' opportunity to view the defendant during the commission of the crime furnished an adequate independent basis for an accurate in-court identification was supported by the record and we see no reason to disturb it *(see, People v Thomas,* 51 NY2d 466, 475).

As to the *Sandoval* ruling, it is well settled that the extent to which the prosecution is to be permitted to impeach a defendant's credibility with prior criminal conduct is a decision best left to the sound discretion of the trial court *(see, People v Scott,* 118 AD2d 881). The court properly found evidence of the defendant's prior convictions relevant both

with respect to his credibility and to demonstrate that he consistently placed his interests above those of society *(see, People v Sandoval,* 34 NY2d 371; *People v Monroe,* 135 AD2d 741, 742).

The prosecutor's remarks in summation concerning the credibility of the People's witnesses were a fair response to the defense summation in which defense counsel accused them of lying *(see, People v Crawford,* 130 AD2d 678; *People v Oakley,* 114 AD2d 473; *People v Anthony,* 24 NY2d 696). Similarly, her comments regarding the dearth of fingerprint evidence were fair response to defense counsel's treatment of the issue in summation *(see, People v Crawford, supra; People v Oakley, supra; People v Anthony, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.