■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY T. JOHNSTON, Also Known as HENRY T. JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered August 8, 1990, convicting him of sodomy in the first degree, sodomy in the third degree, sexual abuse in the first degree (two counts), and sexual abuse in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the extent to which the prosecution is to be permitted to impeach a defendant's credibility with prior criminal conduct is a decision best left to the sound discretion of the trial court (see, People v Bennette, 56 NY2d 142, 146; People v DeMaio, 154 AD2d 386). The court's Sandoval ruling (People v Sandoval, 34 NY2d 371), which permitted the prosecutor to cross-examine the defendant with respect to his most recent convictions of unrelated crimes, was proper. The prior convictions were highly relevant to the issue of the defendant's credibility and demonstrated that he placed his interests above those of society (see, People v DeMaio, supra; People v Johnson, 137 AD2d 719).

The court did not improvidently exercise its discretion in allowing the 35-year-old mentally retarded complainant to testify under oath. The court's preliminary examination of the complainant adequately demonstrated that she understood the nature of testifying under oath and was competent to be sworn as a witness (see, CPL 60.20 [2]; People v Parks, 41 NY2d 36). Under the circumstances, the court's determination on this issue should not be disturbed (see, People v Nisoff, 36 NY2d 560).

Furthermore, we find that the corroboration requirement of Penal Law § 130.16 was satisfied by the circumstantial evidence, which tended to establish that a crime was committed and that the defendant committed it (see, People v Groff, 71

NY2d 101, 107-108; *People v Allen,* 99 AD2d 592, *affd* 64 NY2d 979; *People v Pepper,* 89 AD2d 714, *affd* 59 NY2d 353; *People v De Vyver,* 89 AD2d 745, 747).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive.

The defendant's remaining contentions are either not preserved for appellate review *(see, People v Love,* 57 NY2d 1023; *People v Nuccie,* 57 NY2d 818; *People v Morton,* 116 AD2d 925), or without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.