■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRASQUILLO, Appellant. [612 NYS2d 424] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 11, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court *(see, People v Bennette,* 56 NY2d 142, 146; *People v Johnston,* 186 AD2d 822). Here, the trial court ruled that the prosecutor could inquire as to whether or not the defendant had been convicted of a felony, without going into the underlying facts. This was not an improvident exercise of discretion. The fact that the conviction was over 10 years old did not, by itself, require preclusion of impeachment *(see, People v Ricks,* 135 AD2d 844, 845). Additionally, by adopting a *Sandoval* compromise precluding the prosecutor from eliciting the underlying facts, the court avoided any undue prejudice which could have resulted *(see, People v Ricks, supra; People v Scott,* 118 AD2d 881).

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, contrary to the defendant's protestations, we find

that he was afforded meaningful representation by counsel *(see, People v Ellis,* 81 NY2d 854; *People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.