■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MERCADO, Appellant. [619 NYS2d 621] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered December 17, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the court's *Sandoval* ruling was improper. We disagree. "It is well settled that the extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" *(People v Carrasquillo,* 204 AD2d 735; *People v Malcolm,* 204 AD2d 660; *People v Bennette,* 56 NY2d 142, 146). Here, the trial court ruled that the prosecutor could inquire as to whether or not the defendant had been convicted of a misdemeanor in 1981 and

another misdemeanor in 1987. The People were not permitted to inquire as to the type of crimes committed or about the underlying facts. This was not an improvident exercise of discretion. Accordingly, the defendant's contentions are without merit.

Moreover, contrary to the defendant's protestations, he was afforded meaningful representation by counsel *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.