THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BRYANT, Appellant. [652 NYS2d 300] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 9, 1991, convicting him of attempted murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence; and (2) by permission, from an order of the same court dated June 23, 1993, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the order dated June 23, 1993, which denied the appellant's motion pursuant to CPL 440.10 to vacate the judgment is held in abeyance pending the receipt of the appellant's *pro se* brief, in accordance with this Court's decision and order on motion dated December 19, 1996.

We reject the defendant's claim that the judgment of conviction should be reversed and the indictment dismissed because the People failed to obtain a superseding indictment upon learning that one of the Grand Jury witnesses recanted his testimony. While it is proper to review the validity of an indictment based upon allegedly false testimony upon a plea of guilty, where, as here, the judgment of conviction follows a trial, "the sufficiency of the evidence to convict * * * is manifest from the record" (*People v Pelchat*, 62 NY2d 97, 109). Accordingly, the defendant is precluded from raising this issue on appeal (*see,* CPL 210.30; *People v Bey*, 179 AD2d 905, 907; *People v Lewis*, 125 AD2d 918, 919). We note that even if the testimony of the recanting witness before the Grand Jury was false, the Grand Jury testimony of the police officer/victim was

sufficient to establish reasonable cause to believe that the defendant was the shooter, and the defendant's claim that the integrity of the Grand Jury proceedings was impaired is without merit (*see, People v Avilla,* 212 AD2d 800; *cf., People v Pelchat,* 62 NY2d 97, *supra*).

The defendant, received the effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 146), and his remaining contention on the appeal from the judgment is without merit (*People v Johnson,* 145 AD2d 572). Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.