■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WILDER, Appellant. [675 NYS2d 906] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered October 25, 1996, convicting him of burglary in the second degree, criminal possession of stolen property in the third degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was prejudiced by the court's *Sandoval* ruling because it discouraged him from testifying on his own behalf. The court acted well within its discretion in permitting the People to inquire into the defendant's prior conviction of two felonies and various misdemeanors, without identifying their underlying facts (*see, People v Sandoval,* 34 NY2d 371, 377; *People v Carrasquillo,* 204 AD2d 735). The court also properly exercised its discretion in ruling that the People would be allowed to inquire as to whether the defendant had, on occasion, used different aliases and different dates of birth (*see, People v Walker,* 83 NY2d 455, 461-462).

Similarly without merit is the defendant's contention that the trial court erred in denying his request for a jury charge on criminal trespass in the second degree as a lesser-included offense of burglary in the second degree. Considering the evidence in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704, 705), no reasonable view of that evidence would permit a finding that the defendant committed the lesser, but not the greater, offense (*see, People v Van Norstrand,* 85 NY2d 131, 135; *People v Glover,* 57 NY2d 61, 63; *see also,* CPL 300.50). O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.