■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE PAGE, Appellant. [696 NYS2d 883] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered April 30, 1996, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court failed to follow the proper procedure to adjudicate him a persistent felony offender (*see,* CPL 400.20). Having failed to raise this claim before the County Court, the defendant has not preserved it for appellate review (*see,* CPL 470.05 [2]; *People v Callahan,* 80 NY2d 273). In any event, we find no violation of CPL 400.20 in the District Attorney's preparation of the requisite notice of the hearing, and the order and statement of the court setting forth the defendant's previous convictions and background (*see,* CPL 400.20 [3], [4]). Upon reviewing the statement submitted for its consideration, the court signed the proposed order directing a persistent felony offender hearing (*see,* CPL 400.20 [2], [3]) and, upon the evidence submitted at the hearing, properly determined that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest (*see,* CPL 400.20 [1], [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES QUINITCHETTE, Appellant. [696 NYS2d 876] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered January 4, 1996, convicting him of rape in the first degree (two counts) and aggravated sexual abuse in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.