Dale PAGE, Petitioner–Appellant,

v.

Eliot SPITZER, Attorney General of New York State; David Miller, as Warden of the Eastern Correctional Facility, Respondent–Appellee.

No. 03–2726.

United States Court of Appeals, Second Circuit.

June 10, 2001.

Chris Cevasco, (Kent V. Moston, Jeremy L. Goldberg, Victor M. Levy), Legal Aid Society of Nassau County, Hampstead, New York, for Appellant, of counsel.

Karen Wigle Weiss, Assistant District Attorney (Tammy J. Smiley, Assistant District Attorney), for Denis Dillon, District Attorney, Nassau County, Mineola, New York, for Appellee, of counsel.

Present: MINER, RAGGI, Circuit Judges, and MARRERO,* District Judge.

* The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner–Appellant Dale Page, who is presently incarcerated on a New York State conviction for grand larceny in the fourth degree, *see* N.Y. Penal Law § 155.30[4], and serving a term of 15 years to life imprisonment as a "persistent felony offender," N.Y. C.P.L. § 400.20, appeals from the district court's denial of a writ of habeas corpus, *see* 28 U.S.C. § 2254. We assume familiarity with the record of proceedings in the federal and state courts.

■ Page asserts that he was deprived of due process by the prosecutor's vindictive efforts to have him sentenced as a persistent felony offender, purportedly as punishment for Page's earlier rejection of a more lenient plea offer and insistence on a suppression hearing. In fact, the record demonstrates only that the prosecution was not willing to offer Page the same plea agreement after the suppression hearing as it had offered before the hearing. Such circumstances fail to support a presumption of vindictiveness, *see Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *see also Alabama v. Smith*, 490 U.S. 794, 802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *United States v. Goodwin*, 457 U.S. 368, 381–82, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), much less do they offer "direct" evidence of actual vindictiveness, *see United States v. Sanders*, 211 F.3d 711, 717 (2d Cir.2000); *United States v. Koh*, 199 F.3d 632, 639 (2d Cir. 1999); *see also Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). Accordingly, we reject Page's vindictiveness claim as without merit.

■ To the extent Page further submits that he was denied due process because the sentencing court impermissibly relinquished to the prosecutor its authority to initiate persistent felony proceedings, *see* N.Y. C.P.L. § 400.20, we preliminarily note that the district court did not grant a certificate of appealability on this specific aspect of Page's due process claim. Accordingly, we construe Page's notice of appeal as a request to amend the certificate to add this claim, *see Cotto v. Herbert*, 331 F.3d 217, 236 (2d Cir.2003), and we hereby deny the request. As the district court observed, this particular claim was rejected by the Appellate Division as procedurally defaulted. *See People v. Page*, 265 A.D.2d 580, 696 N.Y.S.2d 883, 884 (2d Dep't 1999). Page has failed to demonstrate good cause to excuse this default, and he cannot show prejudice because, for the reasons stated by the district court, his claim is without merit. He is, therefore, barred from seeking § 2254 relief on this basis. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

For these reasons, the district court's denial of a writ of habeas corpus is hereby AFFIRMED.