■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PHARR, Appellant. [733 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered February 29, 2000, convicting him of criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the third degree, and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's argument that the evidence was legally insufficient to establish that he had the requisite knowledge that the car he was driving was stolen was preserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Knowledge of stolen property can be established through circumstantial evidence (*see, People v Cintron,* 95 NY2d 329). While flight alone is insufficient proof of a defendant's knowledge (*see, People v Kreichman,* 37 NY2d 693, 700), it was not the only proof offered in this case. The defendant had recent exclusive possession of the vehicle, and he recklessly fled from the police when they approached the car by driving the car down a dead end street, crashing it into a street sign, and then fleeing on foot.

Moreover, while the defendant offered alternative explanations of his actions, the People have no affirmative duty to rule out alternate explanations unless they are the only rational explanations for the defendant's conduct (*see, People v Contes,* 60 NY2d 620, *supra*). The jury could have reasonably concluded that the prosecution proved the defendant's knowledge beyond a reasonable doubt that the car he was driving was stolen. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.