■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE RIVERA, Appellant. [783 NYS2d 845]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered February 7, 2002, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prospective juror who initially expressed a bias favoring police officers ultimately gave an unequivocal assurance that he could be fair and impartial. Thus, the trial court did not err in denying the challenge for cause to this prospective juror (*see People v Chambers*, 97 NY2d 417, 418-419 [2002]; *People v Rolle*, 4 AD3d 542, 544 [2004], *lv denied* 3 NY3d 647 [2004]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN ROSS, Appellant. [783 NYS2d 845]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 29, 2003, convicting him of robbery in the second degree (two counts), assault in the second degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the statements made by a certain prospective juror "did not rise to the level of actual bias or otherwise indicate that [he] would be unable to render an impartial verdict" (*People v Archer,* 210 AD2d 241 [1994]). Accordingly, since no actual bias was evinced, there was no need for the Supreme Court to administer an expurgatory oath or sustain the defendant's challenge for cause (*see People v Hernandez,* 222 AD2d 696 [1995]; CPL 270.20 [1] [b]). Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.