THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK PERRY, Appellant. [800 NYS2d 25]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 23, 2001, convicting him of attempted grand larceny in the third degree, criminal mischief in the third degree, possession of burglar's tools, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's constitutional challenge to his adjudication as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Besser*, 96 NY2d 136, 148 [2001]; *People v West*, 12 AD3d 152 [2004], *affd* 5 NY3d 740 [2005]; *People v Norris*, 5 AD3d 796, 797 [2004]; *People v Rivera*, 2 AD3d 543 [2003], *affd* 5 NY3d 61 [2005]; *People v Grigg*, 299 AD2d 367 [2002]; *People v McKenzie*, 298 AD2d 409 [2002]).

The record indicates that the Supreme Court fully complied with the procedural mandates of CPL 400.20 in holding a persistent felony offender hearing, and providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; CPL 400.20 [1]; *People v Maraia*, 292 AD2d 635, 636 [2002]; *People v Page*, 265 AD2d 580 [1999]; *People v Tuzzio*, 261 AD2d 644 [1999]). The Supreme Court's conclusion that the nature of the defendant's criminal conduct, his history, and his character warranted extended incarceration and lifetime supervision is amply supported by the record (*see People v Maraia, supra*; *People v Thomas*, 255 AD2d 468 [1998]; *People v Hoover*, 251 AD2d 348 [1998]).

The defendant's remaining contention that the prosecution presented false testimony to the grand jury, raised in his supplemental pro se brief, is not reviewable since this appeal is

from the ensuing judgment of conviction which was based upon legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Bryant,* 234 AD2d 605 [1996]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.