■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURELL GLOVER, Appellant. [894 NYS2d 469]—

The trial court providently exercised its discretion in denying the defendant's challenges for cause to two potential jurors. The statements made by the two prospective jurors "did not rise to the level of actual bias or otherwise indicate that [they] would be unable to render an impartial verdict" (*People v Smith*, 48 AD3d 489 [2008]; *see People v Ross*, 12 AD3d 463 [2004]; *People v Archer*, 210 AD2d 241 [1994]). Thus, "there was no basis for the [County] Court to administer an expurgatory oath or sustain the defendant's challenge[s] for cause" (*People v Smith*, 48 AD3d at 489; *see People v Ross*, 12 AD3d at 463; *People v Archer*, 210 AD2d at 241-242).

Contrary to the defendant's contention, the People presented legally sufficient proof that he committed the crime of criminal possession of stolen property in the third degree (*see People v Cintron*, 95 NY2d 329, 332 [2000]; *People v Olaya*, 1 AD3d 615 [2003]; *People v Pharr*, 288 AD2d 239 [2001]; *see also People v Williams*, 74 NY2d 675, 676 [1989]; *People v Rivera*, 5 AD3d 699 [2004]; *People v Rattray*, 259 AD2d 569 [1999]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was improperly sentenced as a second felony offender is without merit. The People sustained their burden of proving, beyond a reasonable doubt, that the defendant previously was convicted of a felony upon which his adjudication as a second felony offender was based (*see* CPL 400.21; *People v Williams*, 38 AD3d 576, 577 [2007]; *People v Myron*, 28 AD3d 681, 684 [2006], *cert denied* 549 US 1326 [2007]). The defendant failed to establish that his 2005 felony conviction, which served as the predicate for his sentencing as a second felony offender in this case, was obtained in violation of his federal constitutional rights (*see* CPL 400.21 [7] [b]; *People v McDonald*, 1 NY3d 109, 115 [2003]; *People v White*, 62 AD3d 916 [2009]; *see also People v Molloy*, 28 AD3d 681 [2006]). Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.