██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNY LEGETTE, Appellant. [946 NYS2d 894]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered September 7,

2010, as amended September 20, 2010, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, certain statements made by a prospective juror which were the subject of the defendant's for-cause challenge to that prospective juror did not "rise to the level of actual bias or otherwise indicate that [he] would be unable to render an impartial verdict" (*People v Archer*, 210 AD2d 241, 241 [1994]; *see* CPL 270.20 [1] [b]; *People v Glover*, 69 AD3d 877, 878 [2010]; *People v Forino*, 65 AD3d 1259, 1260 [2009]; *People v Smith*, 48 AD3d 489 [2008]). Thus, the trial court properly denied the defendant's for-cause challenge to the juror.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, that the defendant committed assault in the first degree (*see* Penal Law § 120.10 [2]; *People v Lausane*, 16 AD3d 523 [2005]; *People v Rivera*, 268 AD2d 538, 539 [2000]; *People v Wade*, 187 AD2d 687 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to assault in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the trial court erred in permitting the physician who treated the victim at the emergency room, and sutured the 10-inch laceration to the victim's face, to opine as to the origin of a "divot" in the victim's skull (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the contention is without merit, as the Supreme Court properly permitted the testimony (*see People v West*, 86 AD3d 583 [2011]; *People v Prowse*, 60 AD3d 703, 704 [2009]). Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.