The People of the State of New York, Respondent, v Christopher Brown, Appellant. [956 NYS2d 109]—

The defendant argues that the evidence of his guilt of burglary in the second degree was legally insufficient since the People failed to prove that he entered the dwelling of the complainants. We agree. A person is guilty of burglary in the second degree when he or she knowingly enters or remains unlawfully in a building with the intent to commit a crime therein, and the building is a dwelling (*see* Penal Law § 140.25 [2]). Entry is established when the person or any part of his or her body intrudes within the building (*see People v King*, 61 NY2d 550 [1984]; *People v Daye*, 150 AD2d 481 [1989]). Here, the People proved that the defendant broke a set of doors and locks at the complainants' dwelling, but failed to present any evidence showing that any part of the defendant's body entered the dwelling. Even viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally insufficient to permit a rational juror to conclude that the defendant committed burglary. Accordingly, the count charging the defendant with burglary in the second degree must be dismissed.

Further, on appeal, the defendant contends that the Supreme Court erred in imposing restitution in the amount of replacement costs rather than repair costs. However, since the defendant failed to request a restitution hearing, and did not object to the amount of restitution he was required to pay, his present claims regarding the imposition of restitution are unpreserved for appellate review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Haylett*, 100 AD3d 774 [2d Dept 2012]; *People v Francis*, 82 AD3d 1263 [2011]; *People v Nelson*, 77 AD3d 973 [2010]; *People v Harris*, 72 AD3d 1110 [2010]), and we decline to exercise our interest of justice jurisdiction to review these claims.

In addition, there is no merit to the defendant's contention

that the Supreme Court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). "[T]he extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" (*People v Murad*, 55 AD3d 754, 755 [2008] [internal quotation marks omitted]; *see People v Bennette*, 56 NY2d 142, 146 [1982]; *People v Carrasquillo*, 204 AD2d 735, 735 [1994]; *People v Johnston*, 186 AD2d 822, 822 [1992]). Here, the Supreme Court's *Sandoval* compromise, permitting the People to inquire only whether the defendant had been convicted of five felonies, but precluding any questioning about the underlying facts, avoided any undue prejudice to the defendant and represented a provident exercise of the court's discretion (*see People v Murad*, 55 AD3d 754 [2008]; *People v Jamison*, 303 AD2d 603, 603 [2003]; *People v Carrasquillo*, 204 AD2d at 735).

The defendant's remaining contentions are without merit. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.