■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. KONOSKI, Appellant. [961 NYS2d 781]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (R. Doyle, J.), imposed June 15, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was ineffective (*see People v Grant*, 83 AD3d 862, 862-863 [2011]; *People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257, 264 [2011]; *see also People v Callahan*, 80 NY2d 273, 283 [1992]). However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Skelos, Leventhal, Austin and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIEGO LEWIS, Appellant. [960 NYS2d 909]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered June 29, 2010, convicting him of assault in the first degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, that the defendant committed assault in the first degree (*see* Penal Law § 120.10 [1], [2]; *People v Legette*, 96 AD3d 1078 [2012]; *People v Alston*, 45 AD3d 398 [2007]; *People v Wade*, 187 AD2d 687 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to both counts of assault in the first degree and for resisting arrest was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Legette*, 96 AD3d at 1079). Mastro, J.P., Austin, Roman and Cohen, JJ., concur.