■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON HARRIS, Appellant. [982 NYS2d 330]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered October 18, 2011, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his challenge for cause to a prospective juror. The record does not support a finding that the prospective juror possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see People v Legette*, 96 AD3d 1078, 1079 [2012]; *People v Pemberton*, 305 AD2d 430 [2003]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). The defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baugh*, 91 AD3d 965, 966 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.