# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**659**

**KA 11-01818**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL E. PRINDLE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered August 3, 2011. Defendant was resentenced upon his conviction of manslaughter in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence imposed by Supreme Court upon remittal from the Court of Appeals, which modified the judgment by reducing his conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) (*People v Prindle*, 16 NY3d 768, 769). Upon remittal, the court adjudicated defendant a persistent felony offender and resentenced him to an indeterminate term of imprisonment of 15 years to life.

Defendant initially contends that New York's persistent felony offender statute is unconstitutional in light of the rule in *Apprendi v New Jersey* (530 US 466). We reject that contention. It is well settled that the persistent felony offender statute is constitutional (*see People v Battles*, 16 NY3d 54, 59, *cert denied* ___ US ___, 132 S Ct 123; *People v Quinones*, 12 NY3d 116, 122-131, *cert denied* 558 US 821). Contrary to defendant's further contention, his resentencing does not violate the rule in *Alleyne v United States* (___ US ___, 133 S Ct 2151), inasmuch as the factors that made him eligible for enhanced sentencing were prior convictions that were based on proof beyond a reasonable doubt, and thus those factors were not "based on [the court's] finding by a preponderance of the evidence" (*Alleyne*, ___ US at ___, 133 S Ct at 2163).

Contrary to defendant's further contention, "[i]t is settled law that the sentencing of a defendant as a persistent felony offender

. . . does not implicate the protections embodied in the Double Jeopardy Clauses of the Federal and State Constitutions" (*People v Pelkey*, 294 AD2d 669, 670, *lv denied* 98 NY2d 771; *see People v Sailor*, 65 NY2d 224, 226-227, *cert denied* 474 US 982; *see also Monge v California*, 524 US 721, 728-729).

Finally, we reject defendant's contentions that he was improperly adjudicated a persistent felon, and that the sentence is unduly harsh and severe. We conclude that defendant's "history and character . . . and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; *see People v Bastian*, 83 AD3d 1468, 1470, *lv denied* 17 NY3d 813; *People v Perry*, 19 AD3d 619, 619, *lv denied* 5 NY3d 809, *reconsideration denied* 5 NY3d 855).

Entered:  June 12, 2015                                      Frances E. Cafarell
                                                             Clerk of the Court