THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP WRIGHT, Appellant. [22 NYS3d 522]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 27, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his

contention that the Supreme Court erred in excusing, sua sponte, prior to the voir dire, certain prospective jurors who stated they were unable to render a verdict in the case due to their religious or personal beliefs (see CPL 470.05 [2]; *People v Cunningham*, 119 AD3d 601, 601 [2014]; *People v Umana*, 76 AD3d 1111 [2010]). Contrary to the defendant's contention, the allegedly improper excusal of those jurors did not constitute a mode of proceedings error exempting him from the rules of preservation (see *People v Cunningham*, 119 AD3d at 601-602; *People v Casanova*, 62 AD3d 88 [2009]; cf. *People v Ahmed*, 66 NY2d 307, 310 [1985]). In any event, this procedure did not improperly delegate a judicial function to the panelists themselves and was a proper exercise of the court's discretion (see *People v Cunningham*, 119 AD3d at 602; *People v Umana*, 76 AD3d at 1112; *People v McGhee*, 4 AD3d 485 [2004]; *People v Gayle*, 238 AD2d 133 [1997]).

The Supreme Court providently exercised its discretion in denying the defendant's challenges for cause to three prospective jurors. The statements made by the three prospective jurors did not rise to the level of actual bias or otherwise indicate that they would be unable to render an impartial verdict (see *People v Glover*, 69 AD3d 877, 878 [2010]; *People v Smith*, 48 AD3d 489, 489 [2008]; *People v Archer*, 210 AD2d 241 [1994]). Thus, there was no basis for the Supreme Court to administer an expurgatory oath or sustain the defendant's challenge for cause (see *People v Smith*, 48 AD3d at 489; *People v Ross*, 12 AD3d 463 [2004]; *People v Archer*, 210 AD2d at 241-242).

The defendant's contention that his adjudication as a persistent felony offender was unconstitutional pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny is without merit (see *People v Giles*, 24 NY3d 1066, 1068 [2014]; *People v Battles*, 16 NY3d 54, 59 [2010]; *People v Bell*, 15 NY3d 935, 936 [2010]; *People v Quinones*, 12 NY3d 116, 129-130 [2009]; *People v Rivera*, 5 NY3d 61, 67 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001]). Similarly without merit is the defendant's contention that Penal Law § 70.10 is unconstitutional as applied to him because the Supreme Court considered facts other than his prior convictions in adjudicating him a persistent felony offender. Rather, the Supreme Court based the defendant's adjudication as a persistent felony offender solely on his prior convictions, facts found by the jury in the instant case, and the Supreme Court's discretionary evaluation of the seriousness of the defendant's criminal history (see Penal Law § 70.10 [2]; CPL 400.20 [1]). Moreover, the Supreme Court

providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; CPL 400.20 [1]; *People v Perry*, 19 AD3d 619, 619 [2005]; *People v Maraia*, 292 AD2d 635, 636 [2002]; *People v Page*, 265 AD2d 580 [1999]). The Supreme Court's conclusion that the nature of the defendant's criminal conduct, his history, and his character warranted extended incarceration and lifetime supervision is amply supported by the record (*see People v Prindle*, 129 AD3d 1506, 1507 [2015]; *People v Perry*, 19 AD3d at 619; *People v Maraia*, 292 AD2d at 636). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.