■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL RAGLAND, Appellant. [24 NYS3d 529]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zuckerman, J.), rendered June 12, 2014, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied his challenge for cause to a prospective juror. The record does not support a finding that the prospective juror possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at . . . trial" (CPL 270.20 [1] [b]; see People v Legette, 96 AD3d 1078, 1079 [2012]; People v Pemberton 305 AD2d 430 [2003]).

The defendant's contention that the County Court erred in its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. " '[T]he extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter [left to the] sound discretion of the trial court' " (People v Murad, 55 AD3d 754, 755 [2008], quoting People v Carrasquillo, 204 AD2d 735, 735 [1994]; see People v Bennette, 56 NY2d 142 [1982]). Here, the trial court's Sandoval compromise, permitting the People to inquire only as to whether the defendant had been convicted of four felonies and five misdemeanors, but precluding questioning about the underlying facts of these convictions, avoided any undue prejudice to the defendant and represented a provident exercise of the court's discretion (see People v Williams, 12 NY3d 726 [2009]; People v Walker, 83 NY2d 455 [1994]; People v Brown, 101 AD3d 895 [2012]; People v Vetrano, 88 AD3d 750 [2011]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find it was legally sufficient to establish the defendant's guilt of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), and resisting arrest beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless

accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the convictions was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.