■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. GRASING, Appellant. [60 NYS3d 196]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered January 5, 2015, convicting him of aggravated vehicular homicide, manslaughter in the second degree, leaving the scene of an incident without reporting, failure to stay in a designated lane, and exceeding the speed limit, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's challenge for cause to a prospective juror, since the statements made by the prospective juror did not demonstrate actual bias or otherwise indicate that he would be unable to render an impartial verdict (*see* CPL 270.20 [1] [b]; *People v Ragland*, 136 AD3d 845, 845 [2016]; *People v Wright*, 134 AD3d 1059, 1060 [2015]; *People v Legette*, 96 AD3d 1078, 1079 [2012]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of aggravated vehicular homicide (Penal Law § 125.14 [4]) and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2]) beyond a reasonable doubt (*see People v Hale*, 147 AD3d 975 [2017]; *People v Leddy*, 47 AD3d 842 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Further, while "[t]estimony about victims' personal backgrounds that is immaterial to any issue at trial should be excluded" (*People v Harris*, 98 NY2d 452, 490-491 [2002]; *see People v Holiday*, 142 AD3d 625 [2016]), to the extent that testimony was elicited from the victim's mother which was irrelevant to the sequence of events, any error was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v LaValle*, 3 NY3d 88, 114 [2004]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *see also People v Humphrey*, 15 AD3d 683, 685 [2005]).

Similarly, although the County Court erred in allowing police officers to testify about remarks made to them by a witness to the incident, who was unavailable to testify at trial, such error was harmless (*see People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Crimmins*, 36 NY2d at 237).

The defendant's remaining contentions are without merit. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.